IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISON

UNITED STATES OF AMERICA

v.                                  CRIMINAL NO. 3:21-CR-00129 CWR-FKB

JESSICA SLEDGE

**REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR RECONSIDERATION OF BAIL**

Your Defendant submits, contrary to the Government's position, that there has been a change in circumstances mainly due to the development of a firm position now with both her mother and her grandmother being willing to act as a "third party" custodian, which was not adequately shown at the initial hearing for bond.

In addition, the Government has offered no evidence to the Court about Defendant having "resources" and "abilities" making her a sufficient flight risk. Quite the contrary, the Defendant's mother's testimony indicated the only resources available was around $2,000.00 in her checking account.

Also, the Government states that the Defendant had a history of violence and use of weapons which is nowhere in the record. Prior to this incident, the Defendant maintained a pristine criminal record, full-time employment, and life-long residency in Rankin County, MS.

Lastly, the Government claims the Defendant had plans to murder another undisclosed individual. However, the FBI agent testified that he was not sure if that comment was real or just talk, and ironically, the indictment (referenced on Page 2 of the Government's Response) mentions only one (1) person, not two (2).

The Bail Reform Act favors release over pre-trial detention and as acknowledged by the Court, the charge here does not trigger the "presumption" under Title 18 U.S.C. § 3142 (e)(1)(2)

1

and (3). See <u>U.S. v. Barnett</u>, 986 F. Supp. 385 (W.D. LA 1997). Clearly, the charge here is a "crime of violence" within the meaning of Title 18 U.S.C. § 3142 (f)(1)(a), and detention is allowed if no condition or combination of condition will reasonably assure her appearance and safety to the community. However, the court in <u>U.S. v. Byrd</u>, 969 F.2d 106 (5th Cir. 1992). stated the act allows pre-trial detention only in a narrow range of circumstances consistent with constitutional guarantees. And further said, "due to the weighty liberty interest, the typical pre-trial detainee is rarely detained prior to trial." <u>Hamilton v. Lyons</u>, 74 F.3d 99, 105 (5th Cir. 1996) (citing <u>Salerno supra</u>, 107 S.Ct. 2095, 2105).

Undersigned submits there are many factors listed in Title 18 § 3142 that can be imposed to reasonably assure the Defendant's appearance and safety to the community. Due to same, your Defendant respectfully requests a hearing be granted to reconsider bail and after same, an Order issued allowing bail herein.

Date: December 16, 2021

Respectfully Submitted,

Jessica Sledge

BY: _____
John Colette
Attorney for the Defendant

JOHN M. COLETTE, MSB#6376
John M. Colette & Associates
501 S. State Street
Jackson, Mississippi 39201
Office: (601) 355-6277
Facsimile: (601) 355-6283
Email: colettelawms@gmail.com

## CERTIFICATE OF SERVICE

I, John M. Colette, attorney for the Defendant, hereby certify that I have this date electronically filed the foregoing motion with the Clerk of the Court using the ECF system which sent notification to all counsel of record.

This the 16th day of December 2021.

/s/ John M. Colette
JOHN M. COLETTE

**JOHN M. COLETTE, MSB#6376**
John M. Colette & Associates
501 S. State Street
Jackson, Mississippi 39201
Office: (601) 355-6277
Facsimile: (601) 355-6283
Email: colettelawms@gmail.com